**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JAMES STEPHENS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 07 1264 - RMC |
| | ) | |
| *v.* | ) | Judge Rosemary M. Collyer |
| | ) | |
| US AIRWAYS GROUP, INC., *et al.*,[1] | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**DEFENDANT PENSION BENEFIT GUARANTY CORPORATION'S**
**FIRST AMENDED MOTION TO DISMISS PLAINTIFF'S**
**THIRD AMENDED COMPLAINT**

Defendant Pension Benefit Guaranty Corporation ("PBGC") moves to dismiss in part the Plaintiffs' Third Amended Class Action Complaint (the "Complaint") for failure to state claims as follows: (1) Count III of the Complaint, (2) the request for attorneys' fees, and (3) all purported class members who received benefits prior to January 19, 1994, for reasons set forth fully in the Memorandum in Support of First Amended Motion to Dismiss accompanying this Motion.

---

[1]  Plaintiffs styled their Third Amended Class Action Complaint to name US Airways Group, Inc. as the lead defendant, although PBGC is the only defendant named in the body of the complaint.

Dated: September 14, 2007                Respectfully submitted,

                              /s/ Mark R. Snyder

ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
STEPHANIE THOMAS
Assistant Chief Counsel
JEAN MARIE BREEN
MARK R. SNYDER
Attorneys

PENSION BENEFIT GUARANTY
  CORPORATION
OFFICE OF CHIEF COUNSEL
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone:  202.326.4020 ext.3423
Facsimile:  202.326.4112
e-mail: snyder.mark@pbgc.gov

Attorneys for Defendant PBGC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES STEPHENS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 07 1264 - RMC |
| | ) | |
| *v.* | ) | Judge Rosemary M. Collyer |
| | ) | |
| US AIRWAYS GROUP, INC., *et al.*,[1] | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT
## PENSION BENEFIT GUARANTY CORPORATION'S
## FIRST AMENDED MOTION TO DISMISS

Dated: September 14, 2007

ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
STEPHANIE THOMAS
Assistant Chief Counsel
JEAN MARIE BREEN
MARK R. SNYDER
Attorneys

PENSION BENEFIT GUARANTY
  CORPORATION
Office of Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: 202.326.4020
Facsimile: 202.326.4112
e-mail: breenjean@pbgc.gov efile@pbgc.gov

Attorneys for Defendant PBGC

---

[1] Plaintiffs styled their Third Amended Class Action Complaint to name US Airways Group, Inc. as the lead defendant, although PBGC is the only defendant named in the body of the complaint.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

The Current Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statutory and Regulatory Framework. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Applicable Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Plaintiffs Fail to State a Cause of Action for Fiduciary Breach . . . . . . . . . . . . . . . . . . 7

Plaintiffs Are Not Entitled to Attorneys' Fees Regardless of the Outcome of This Case. . . 12

The Plaintiffs' Claims Are Barred in Part by the Applicable Statute of Limitations. . . . . . 16

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## Cases Cited

*Adcox v. Teledyne, Inc.*,
   21 F.3d 1381 (6th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
   421 U.S. 240 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Beauchem v. Rockford Prods. Corp.*,
   2004 WL 432328 (N.D. Ill. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Brugos v. Nannega*,
   2005 WL 1528370 (N.D. Ind. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Centex Corp. v. United States*,
   486 F.3d 1369 (Fed. Cir. May 17, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cinciarelli v. Reagan*,
   729 F.2d 801 (D.C. Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Crummett v. Metropolitan Life Ins.*,
   2007 WL 2071704 (D.D.C. July16, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*E.E.O.C. v. Kimbrough Inv. Co.*,
   703 F.2d 98 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Fitzgerald v. Hampton*,
   545 F. Supp. 53 (D.D.C. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Harvey v. Great Seneca Fin. Corp.*,
   453 F.3d 324 (6th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Katz v. Comprehensive Plan of Group Ins.*,
   197 F.3d 1084 (11th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Korotynska v. Metropolitan Life Ins.*,
   474 F.3d 101 (4th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*LaRocca v. Borden, Inc.*,
   276 F.3d 22 (1st Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lawrence v. Chancery Court of Tenn.*,
    188 F.3d 687 (6th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Massachusetts Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Moore v. Lafayette Life Ins. Co.*,
    458 F.3d 416 (6th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Newmark v. Principi*,
    283 F.3d 172 (3d Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Oklahoma Aerotronics v. United States*,
    943 F.2d 1344 (D.C. Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Russello v. United States*,
    464 U.S. 16 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Tolson v. Avondale Indus., Inc.*,
    141 F.3d 604 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wald v. Southwestern Bell Corp. Customcare Medical Plan*,
    83 F.3d 1002 (8th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wilkins v. Baptist Healthcare Sys., Inc.*,
    150 F.3d 609 (6th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*United States v. Wong Kim Bo*,
    472 F.2d 720 (5th Cir. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re US Airways Group, Inc.*,
    296 B.R. 734 (Bankr. E.D.Va.. Mar. 7, 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

iii

## United States Codes Cited

Title 28

    Section 2412.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    Section 2412(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15


Title 29

    Sections  1001-1191c. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    Section 1054.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    Section 1054(c)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Section 1055.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13
    Sections 1101-1114. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    Section 1104.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Section 1105.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    Section 1105(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Section 1109(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11
    Section 1132.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    Section 1132(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    Section 1132(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Section 1132(a)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10
    Section 1132(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10
    Section 1132(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10
    Section 1132(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Sections 1301-1461. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    Section 1302.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4
    Section 1303.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Section 1303(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 11, 12, 13, 14,16
    Section 1303(f)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12
    Section 1303(f)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Section 1303(f)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12
    Section 1303(f)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    Section 1303(f)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    Section 1322.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    Section 1342(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Section 1342(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Section 1342(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Section 1342(d)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Section 1342(d)(1)(A)(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    Section 1342(d)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 13
    Section 1342(d)(1)(B)(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    Section 1342(d)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 10, 13
    Section 1344.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Section 1344(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Section 1370.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Section 1370(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Section 1370(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14
Section 1451.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Section 1451(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Section 1451(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Section 1451(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14

## Other Authorities Cited

29 C.F.R.
Section 4044.3(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 8

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## INTRODUCTION

Defendant Pension Benefit Guaranty Corporation ("PBGC") moves to dismiss in part the Plaintiffs' Third Amended Class Action Complaint (the "Complaint"). Specifically, PBGC moves to dismiss: (1) Count III of the Complaint; (2) the request for attorneys' fees; and (3) all purported class members who received benefits prior to January 19, 1994, for reasons set forth fully below.[2]

## BACKGROUND

### Parties

PBGC is the United States government corporation that administers the mandatory federal pension insurance program established by Title IV of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA").[3] When a plan terminates without sufficient assets to pay its liabilities to participants and their beneficiaries, PBGC typically becomes statutory trustee of the terminated plan. PBGC then pays benefits, within the limits of Title IV, that were due to participants or their beneficiaries as of the plan termination date.[4] PBGC also acts as guarantor of Title IV benefits that the terminated plan will owe to participants and their beneficiaries.

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *See* ERISA § 4002, codified at 29 U.S.C. § 1302. Title IV of ERISA, 29 U.S.C. §§ 1301-1461, is the federal pension insurance program administered by PBGC. Title I of ERISA, 29 U.S.C. §§ 1001-1191c, covers employee benefit rights and the administration of ongoing pension plans.

[4] 29 U.S.C. § 1344; 29 C.F.R. § 4044.3(a).

1

US Airways Group, Inc. ("US Airways") was the contributing sponsor and plan administrator of the Retirement Income Plan for Pilots of U.S. Air, Inc. ("Pilots Plan" or "Plan").[5] On August 11, 2002, US Airways filed the first of two reorganization proceedings in the Bankruptcy Court for the Eastern District of Virginia.[6] Pursuant to the provisions of Title IV and an agreement between US Airways and PBGC, the Plan terminated effective March 31, 2003, and PBGC became statutory trustee of the Plan the same day.[7]

Plaintiffs are four retired pilots of US Airways who seek to represent a class consisting of pilots who elected to receive a lump sum payment of retirement benefits from the Pilots Plan between January 1, 1990 and December 31, 2003.[8]

**Procedural History**

Approximately three years before PBGC became statutory trustee of the Pilots Plan, Plaintiffs filed a complaint against US Airways and the Plan in the District Court for the Northern District of Ohio alleging that US Airways improperly delayed distribution of their lump sum benefits for up to 45 days after the Plan's required date for commencing the payment of retirement income ("Income Commencement Date").[9]

---

[5] *In re US Airways Group, Inc.*, 296 B.R. 734, 738 (Bankr. E.D.Va.. Mar. 7, 2003).

[6] *Id.* at 737.

[7] Complaint ¶ 20.

[8] Complaint ¶ 12.

[9] Pilots Plan as amended and restated effective January 1, 2001, Art. 4.3. The same language appears in Art. 4.3 of the plan as restated and effective January 1, 1994.

US Airways and the Plan moved to dismiss or for summary judgment on multiple grounds. The Court granted summary judgment on all counts of the complaint for lack of subject matter jurisdiction, and Plaintiffs appealed. Based on the automatic stays in the first and second US Airways bankruptcy proceedings and related appeals, the Sixth Circuit stayed the case until US Airways emerged from its second bankruptcy proceeding in 2005. On appeal, PBGC's counsel was substituted as counsel for the Plan. On September 13, 2006, the appellate court affirmed the district court's ruling on two of the fiduciary breach counts, and it reversed the district court on the remaining four counts.

Plaintiffs then filed the Third Amended Class Action Complaint in the Northern District of Ohio. PBGC filed a Motion to Dismiss which included a contention of improper venue. The court ruled that venue was improper, and it ordered the case transferred to the District of Columbia. The Court did not rule on any other part of the PBGC's Motion to Dismiss.[10]

The case was received and filed in the District of Columbia. PBGC now files this First Amended Motion to Dismiss along with this Memorandum in support.

**The Current Complaint**

On March 30, 2007, Plaintiffs filed their Third Amended Class Action Complaint, naming PBGC as the sole defendant. Plaintiffs sue PBGC as trustee of the Pilots Plan and also as the alleged successor-in-interest to the Plan. Plaintiffs seek monetary damages, restitution

---

[10] *See* Exhibit 1, Transfer Order, attached.

and/or disgorgement, and attorneys' fees and costs against PBGC for the same acts and omissions of US Airways alleged in the original complaint. [11]

Specifically, Plaintiffs assert two benefit counts and one co-fiduciary breach count against PBGC as statutory trustee.[12]   Count I seeks enforcement of the Plan language pursuant to Title I of ERISA, 29 U.S.C. § 1132(a)(1)(B).  The Plaintiffs allege that the Plan language requires the distribution of a lump sum benefit on the participant's Income Commencement Date,[13] but that US Airways' practice was to distribute lump sum benefits within 45 days after the Income Commencement Date without paying interest.  Plaintiffs allege in Count II that US Airways' alleged  practice of distributing lump sum benefits 45 days after the Income Commencement Date violated Title I of ERISA, 29 U.S.C. §§ 1054(c)(3) and 1055, because the present value of the lump sum received by the participant is not the actuarial equivalent to the present value of an annuity as of the participants normal retirement date.[14]

In Count III, Plaintiffs allege that PBGC is liable for co-fiduciary breach under Title I of ERISA because the agency knew that US Airways breached its fiduciary duty to the Pilots Plan

---

[11]   Complaint  ¶¶ 4, 69, 74.

[12]   Plaintiffs allege that PBGC "is a federal corporation created by ERISA, 29 U.S.C. § 1302", that the Pilots "Plan terminated on March 31, 2003, and on that same date, PBGC assumed responsibility of the Plan and became trustee of the Plan."  Complaint ¶ 11.

[13]   Complaint ¶¶ 2, 22 and 65.  Plaintiffs refer to the Income Commencement Date as the "Actual Retirement Date," *Id*. at ¶ 2.

[14]   Complaint ¶ 72-74.

by withholding lump sums for up to 45 days after the Income Commencement Date and failed to remedy US Airways' alleged breach.[15]

Beginning in October 2006, PBGC issued initial benefit determinations to each Pilots Plan participant who applied for a determination of their Title IV benefit.  Participants who elected to receive part of their plan benefit in the form of a partial lump sum before termination received initial determination letters concerning the amount, if any, of their guaranteed benefits.

**Statutory and Regulatory Framework**

ERISA, 29 U.S.C. § 1342(d), sets forth the powers and responsibilities of a statutory trustee of a terminated plan.  In § 1342(d)(1), Congress specifically conferred the power on the statutory trustee of a terminated plan "to do any act authorized by the plan or this title to be done by the plan administrator or any trustee of the plan."[16]  Pursuant to this statute and to implementing regulations, the statutory trustee is authorized to determine liabilities for unpaid benefit payments due before termination and to pay them from plan assets.[17]  As statutory trustee, PBGC is a "fiduciary within the meaning of paragraph (21) of section 1002 of this title . . ." except to the extent that the provisions of this subchapter are inconsistent with the requirements under Title I of ERISA.  *See* § 1342(d)(3).  Any participant or beneficiary who is adversely affected by an action of PBGC with respect to a plan in which the participant has an interest may

---

[15]  Complaint ¶ 76-79.

[16]  Pursuant to 29 U.S.C. § 1342(c) and (d)(1)(A), (B), a trustee appointed by agreement between PBGC and the plan administrator has the powers of a trustee appointed under § 1342(d)(1) and is subject to § 1342(d)(3).

[17]  29 CFR § 4044.3(a); 29 U.S.C. § 1344(a).

bring an action against PBGC under § 1303(f).[18]  Furthermore, subsection 1303(f)(4) provides

that:

> This subsection shall be the exclusive means for bringing actions against the
> corporation [PBGC] under this subchapter, including actions against the
> corporation [PBGC] in its capacity as a trustee under section 1342 or 1349 of this
> title. [19]

In an action brought under § 1303(f) the court may award "costs and expenses

incurred in connection with such action" to the prevailing party, but § 1303(f)(3) makes no

mention of attorneys' fees.  Unlike § 1303(f)(3), two other provisions in Title IV of ERISA that

authorize certain actions against parties other than PBGC, 29 U.S.C. §§ 1370 and 1451, allow for

the recovery of "costs and expenses incurred in connection with such action, including reasonable

attorney's fees."[20]

---

[18]  29 U.S.C. § 1303(f)(1), (f)(6).

[19]  An action under § 1303(f) must be for "appropriate equitable relief."  *Id.; accord*
§1132(a) (limiting certain remedies under Title I of ERISA to "appropriate equitable relief").

[20]  29 U.S.C. §§ 1370(e)(1) and 1451(e).

6

**ARGUMENT**

**Applicable Standard**

When considering a motion to dismiss under Rule 12(b)(6), the Court primarily considers the allegations of the complaint, which must be taken as true and construed liberally in favor of the plaintiff.[21]  However, "a court is not required to accept as true unwarranted legal conclusions and/or factual allegations."[22]

**Plaintiffs Fail to State a Cause of Action for Fiduciary Breach**

This Court should dismiss Count III of the Amended Complaint because it is well established that a mere denial of benefits claim like the one here cannot be repackaged as a fiduciary breach claim.  The federal court decisions establishing this principle concern civil actions under § 1132 of Title I, and the same rationale should apply for dismissing a fiduciary breach claim in an action brought under § 1303(f).  Section 1303(f) is the exclusive means for bringing actions against PBGC.[23]

The federal courts routinely dismiss benefits claims masquerading as fiduciary claims under § 1132(a)(3).[24]  Those courts rely on the Supreme Court's decision in *Varity Corporation v.*

---

[21]  *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999).

[22]  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006).

[23]  *See infra* pp. 12-14.

[24]  *See, e.g., Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416 (6th Cir. 2006); *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 615-616 (6th Cir. 1998), *citing Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065, 1079 (1996);  *Korotynska v. Metropolitan Life Ins. Co.,* 474 F.3d 101, 105 (4th Cir. 2006) (dismissal of fiduciary breach claim under (a)(3) proper where the plaintiff had a cause of action under (a)(1)); *Larocca v. Borden, Inc.*, 276 F.3d 22, 28-29 (1st Cir. 2002) (if a plaintiff can pursue a remedy under subsection (a)(1), there is an adequate remedy that bars further remedy under subsection (a)(3)); *Katz v. Comprehensive Plan of Group*

7

*Howe*,[25] where the Court noted that § 1132(a)(3) is a catch-all provision that "acts as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] *does not elsewhere adequately remedy.*"[26]  Subparagraph (a)(3) is available only if the specific provisions of § 1132(a)(1), (a)(2) and (a)(4) do not offer relief.[27]

Based on *Varity*, most Circuit Courts that have addressed the issue recognize that no cause of action exists under § 1132(a)(3) where a plaintiff has simply recharacterized a denial of benefits as a fiduciary breach.[28]  "The Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies."[29]  The same reasoning applies to cases under Title IV.  Section 1303(f) provides a participant owed a pre-termination benefit with a remedy against PBGC.[30]  Therefore, a fiduciary breach count on the same facts is duplicative and unnecessary.  This result is especially apt because the fiduciary

---

*Ins.,* 197 F.3d 1084, 1088-89 (11th Cir. 1999) (upholding dismissal of fiduciary breach claim under (a)(3) where there was an adequate remedy available for a denial of benefits under (a)(1)); *Tolson v. Avondale Indus.*, 141 F.3d 604, 610 (5th Cir. 1998) (same); *Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) (same).

[25]  516 U.S. 489 (1996).

[26]  *Varity*, 516 U.S. at 512 (emphasis added).

[27]  Although the Plaintiffs do not specify that they are relying on § 1132(a)(3) in Count III, they cannot be relying on § 1132(a)(2) because that section only applies where the remedy sought goes to the plan itself, not individual beneficiaries.  *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142-44 (1985); *Adcox v. Teledyne, Inc.*, 21 F.3d 1381, 1390 (6th Cir. 1994).

[28]  *See cases cited supra note 23.*

[29]  *Wilkins*, 150 F.3d at 615.

[30]  *See also* 29 C.F.R. § 4044.3.

obligations under Title I are expressly incorporated into Title IV through the plain language of § 1342(d)(3), except to the extent that they are inconsistent with the provisions of Title IV.

Plaintiffs argue in Counts I and II that their lump sum benefit was underpaid and request payment of the difference as a denial of benefits. Plaintiffs rely on the same facts and request the same remedy in their fiduciary breach claim. But a fiduciary breach claim cannot be predicated upon the same facts, with the same remedy, as a denial of benefits claim in the same complaint.[31]

The count at issue here is nearly identical to the one rejected in *Moore v. Lafayette Life Insurance Company*.[32] There, the plaintiff alleged fiduciary breach because "Defendants unreasonably and/or arbitrarily withheld payments [of disability benefits] in bad faith, knowing the plaintiff's claims to be valid." Plaintiffs here made a virtually identical claim of fiduciary breach that "U.S. Airways deliberately, unnecessarily and/or unreasonably withheld lump-sum payments from Plaintiffs . . . ."[33] As in *Moore*, such a claim is "merely [a] restatement[] of Plaintiff's claim for benefits." Thus Plaintiffs' "ability to bring suit for payment of benefits under 29 U.S.C. § 1132(a)(1) preclude[s] Plaintiff[s'] suit under the 'catch-all' remedial section [in (a)(3)] . . . ."[34] Accordingly, because the claims at issue in Count III are the same denial of

---

[31]  *See, e.g., Moore v. Lafayette, Life Ins. Co.*, 458 F.3d 416, 427-28 (6th Cir. 2006).

[32]  458 F.3d at 427-28.

[33]  Complaint ¶ 77.

[34]  *Moore*, 458 F.3d at 428.

9

benefits claims found in Count I, the Plaintiffs have no cause of action for fiduciary breach under § 1132(a)(3), and Count III should be dismissed.[35]

The D.C. Circuit has not directly addressed the issue of whether a plaintiff may assert claims under both subsection 1132(a)(1)(B) and subsection 1132(a)(3) based upon the same alleged facts.  At least one D.C. District Court, however, has followed the majority view and held that where a plaintiff's fiduciary breach claim brought under § 1132(a)(3) is nothing more than a repackaged denial of benefits claim, it must be dismissed.[36]

The Court has additional reason to dismiss Count III of the Third Amended Complaint because the allegations in Count III involve acts that occurred before PBGC became trustee of the Plan.  Section 1109(b) bars Plaintiffs from alleging liability against PBGC for acts of prior fiduciaries.

The Plaintiffs allege in Count III that US Airways breached its fiduciary duty under § 1104 by failing to timely pay lump sum pension benefits.  The Plaintiffs further allege that PBGC is liable as a "co-fiduciary" under § 1105(a)(3), because PBGC "had knowledge of this breach of fiduciary duty by U.S. Airways" and did not make reasonable efforts to remedy it.[37]  Any

---

[35] Moreover, US Airways received a discharge from liability for their debts in the Chapter 11 cases.  Presumably, that is why U.S. Airways is not named as a liable party in this lawsuit.  PBGC cannot be liable as a fiduciary for failing to bring suit against a party who has received a discharge of any liability that might have existed.

[36] *See Crummett v. Metropolitan Life Ins.,* 2007 U.S. Dist. LEXIS 50956 (D.D.C. July 16, 2007).

[37] Complaint ¶ 78.  Section 1105 does not authorize a plaintiff to bring a civil action. The only section in ERISA that authorizes a civil action for an alleged breach of fiduciary duty and allows recovery by individuals is § 1132(a)(2).  *See infra.*

fiduciary duties PBGC might have with respect to the Plan arise by nature of PBGC's status as statutory trustee of the Plan.[38]  PBGC did not become statutory trustee of the Plan until March 31, 2003.  Therefore PBGC was not a "co-fiduciary" of U.S. Airways at the time of the alleged breaches.

Section 1109(b) is unequivocal that PBGC is not liable for a fiduciary breach by US Airways which occurred prior to the time PBGC became the trustee.  "No fiduciary shall be liable with respect to a breach of fiduciary duty under this title if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary."  Because "this title" encompasses all of Title I, including § 1105, no liability can be imposed.

In *Beauchem v. Rockford Products Corp.*,[39] the plaintiff argued, like Plaintiffs here, that a later fiduciary was liable under § 1105 for failing to remedy the acts of a prior fiduciary.  The court rejected that argument. "Allowing a fiduciary to be liable for failing to correct a breach committed by prior fiduciaries would destroy the protection of section 1109(b)."[40]

Accordingly, the Court should dismiss Count III on the grounds that it is a repackaged benefits claim, and thus it is not allowable;  and on the grounds that it fails to state a viable claim against PBGC.

---

[38]  Section 1342(d)(3).  PBGC's fiduciary responsibilities are more limited than those under Title I, but those limitations are not at issue in this Motion.  PBGC reserves the right to raise such issues at a future time.

[39]  2004 WL 432328 (N.D. Ill. 2004).

[40]  2004 WL 432328 at *3; *accord Brugos v. Nannega*, 2005 WL 1528370 (N.D. Ind. 2005).

**<u>Plaintiffs Are Not Entitled to Attorneys' Fees Regardless of the Outcome of This Case</u>**

Plaintiffs seek an award of attorneys' fees against PBGC.[41]  Under the well-established "American Rule" regarding the payment of attorneys' fees in litigation, party litigants are required to pay their own attorneys' fees except where fee shifting is specifically authorized by statute.[42] Section 1303(f) is the exclusive means for bringing actions against the PBGC in its capacity as trustee.  Attorneys' fees are not available to Plaintiffs under §1303(f).  That section only provides for a discretionary award of the costs and expenses incurred in connection with the action.[43]

A specific United States Code provision – 29 U.S.C. § 1303(f) – confers subject matter jurisdiction over actions by plan participants against PBGC for alleged acts and omissions with respect to a terminated plan.  That provision is the exclusive means for suing PBGC in its capacity as statutory trustee.

Title IV of ERISA provides that any participant who "is adversely affected by any action of [PBGC] *with respect to a plan*[44] in which such person has an interest . . . may bring an action

_____

[41]  Complaint, Request for Relief ¶ iii.

[42]  *Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

[43]  *See* § 1303(f)(3).

[44]  Of course, in circumstances that do not involve action by PBGC "with respect to a plan," the agency may be sued by aggrieved persons under other laws and not "under this subchapter [Title IV]."  For example, if a PBGC employee is aggrieved by PBGC's employment policies, the employee would not be required to sue the agency under section 1303(f), but instead could  proceed under federal labor laws.  This is because the action is not "with respect to a plan."  But if a person is adversely affected "with respect to a plan," as Plaintiffs allegedly are, that action must be brought under section 1303(f).

12

against the corporation for appropriate equitable relief in the appropriate court."[45]  The statute

goes on to state "[t]his subsection shall be the *exclusive means* for bringing actions against the

corporation under this subchapter [Title IV], *including actions against the corporation in its

capacity as a trustee under section 1342 or 1349 of this title.*"[46]

   Plaintiffs explicitly sued PBGC *as trustee* of the Plan, and therefore their Complaint must

be brought under § 1303.  Furthermore, the relief they seek requires action that PBGC may take

only as trustee of the Plan.  Plaintiffs allege that they are participants or former participants of the

plan who are owed benefits[47] under provisions of the Pilots Plan and the actuarial equivalence

provision of ERISA, 29 U.S.C. §§ 1054 and 1055.  They seek payment  from PBGC of the unpaid

benefit liabilities alleged in Counts I and II.  In Count III, Plaintiffs allege that US Airways

breached its fiduciary duty by refusing to pay the benefits alleged in Counts I and II and that

PBGC breached its fiduciary duty by failing to remedy US Airways' alleged breach.

   Plaintiffs seek payment of benefits from Plan assets.[48]  PBGC's authority to make any

payments out of plan assets arises solely from its role as statutory trustee of a terminated plan.[49]

---

[45]  29 U.S.C. § 1303(f)(1) (emphasis added).

[46]  29 U.S.C. § 1303(f)(4) (emphasis added).

[47]  Complaint at ¶¶ 69 and 73.

[48]  Any payment of pretermination benefits must come from Plan assets as PBGC does
not insure pretermination lump sums.  *See* 29 U.S.C. § 1322.

[49]  29 U.S.C. § 1342(d)(1)(B)(i) gives the trustee the power to pay benefits in accordance
with the requirements of title IV.  29 U.S.C. § 1342(d)(1)(A)(i) and (B) grant the statutory trustee
authority to do any act that the plan administrator is authorized to do by the plan or by Title IV.
US Airways, as plan administrator, was authorized by the plan to pay benefits under the plan.
[Article 14.]

Accordingly, subject matter jurisdiction is available only under § 1303(f).  Similarly, any fiduciary

responsibility PBGC has with respect to the terminated plan or its participants is due to its role as

statutory trustee.  Title I fiduciary obligations set out at 29 U.S.C. §§ 1101-1114 are expressly

incorporated into Title IV through the plain language of Section 1342(d)(3), except to the extent

that they are inconsistent with the provisions of Title IV.  Therefore, any action alleging a

violation of these obligations is an action "against the corporation in its capacity as a trustee under

section 1342," within the meaning of § 1303(f), and subject matter jurisdiction lies exclusively

under that section.

     In marked contrast to § 1303(f), the two provisions of  Title IV that authorize civil actions

by participants against defendants *other* than PBGC explicitly include a provision for

discretionary awards by the district courts of attorneys' fees to the prevailing parties.[50]  For

example, § 1370(a) authorizes participants who are "adversely affected by an act or practice of

any party (other than the corporation [PBGC]) in violation of any provision of section 1341, 1342,

1362, 1363, 1364, or 1369 of this title" to bring an action for injunction or for other equitable

relief.  Under § 1370(e)(1), a prevailing party may be awarded "costs and expenses incurred in

connection with such action, including reasonable attorney's fees." Similarly § 1451(a) authorizes

participants who are "adversely affected by an act or practice of any party" other than the

Secretary of the Treasury, the Secretary of Labor or PBGC, with respect to a multiemployer plan,

---

     [50]  *See* 29 U.S.C. §§ 1370(a), (e)(1) (single-employer plans) and 29 U.S.C. § 1451(a)(2),
(e) (multi-employer plans).  These provisions authorize actions by participants and beneficiaries
in connection with the termination of single-employer and multiemployer plans, as noted above.

to bring an action for appropriate legal or equitable relief.[51]  Pursuant to § 1451(e) the court may

award  "costs and expenses incurred in connection with such action, including reasonable

attorney's fees, to the prevailing party."

By expressly including an award of attorney's fees in the provisions authorizing

participant actions under §§ 1370 and 1451 while omitting any mention of such an award in

actions against the PBGC, Congress eliminated doubts concerning its intent on awards of

attorney's fees against the PBGC.[52]

The Equal Access to Justice Act, 28 U.S.C. § 2412, does not authorize an award of

attorneys' fees in this action.  That statute "applies only to claims for attorneys' fees when no

other specific statute deals with an award of attorneys' fees against the government."[53]  ERISA

specifies when attorneys' fees may be awarded under Title IV, and accordingly the Equal Access

to Justice Act does not apply to the instant case.

Even if the Equal Access to Justice Act were applicable to the present case, it does not

create an independent claim for attorneys' fees.  Rather, § 2412(b) only provides that "[t]he

United States shall be liable for such fees and expenses to the same extent that any other party

would be liable under the common law or *under the terms of any statute which specifically*

*provides for such an award."*  (Emphasis added).  Section 2412(b) incorporates the American

---

[51]  29 U.S.C. § 1451(a)(1), (2).

[52]  *See Rusello v. United States*, 464 U.S. 16, 23 (1983), quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972) ("where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

[53]  *E.E.O.C. v. Kimbrough Inv. Co.,* 703 F.2d 98, at 103 ( 5th Cir. 1983)*.*

15

Rule for attorney fee shifting.[54]  As the Third Circuit recognized, § 2412(b) "ensures that the United States will be subject to the common law and statutory exceptions to the American Rule regarding attorney fees."[55]  In other words, parties are allowed the recovery of fees against the United States under § 2412(b) *only* if they would be entitled to fees against private parties under the same circumstances.[56]  Because Plaintiffs can sue only under § 1303(f), and § 1303(f) does not provide for attorneys' fees, Plaintiffs have not stated a claim for such fees.

**The Plaintiffs' Claims Are Barred in Part by the Applicable Statute of Limitations**

Because  subject matter jurisdiction over a case against PBGC is only available under § 1303(f), the statute of limitations in that section is applicable to the instant case.  Section 1303(f)(5) provides that an action under § 1303(f) may not be brought after the later of six years after the date the cause of action arose or three years after the earliest date on which the plaintiff acquired or should have acquired knowledge of the existence of the cause of action.  The Plaintiffs here had knowledge of the facts giving rise to their claims on the date they received their lump sum payments.  Accordingly, the limitations period is six years after that date.  Because Plaintiffs filed their original complaint on January 18, 2000, all class members who received their benefits prior to January 19, 1994, are time-barred.  Accordingly, the court should dismiss all

---

[54]  *See Cinciarelli v. Reagan,* 729 F. 2d 801, 805 n. 2 (D.C. Cir. 1984).

[55]  *Newmark v. Principi,* 283 F. 3d 172, 177 (3d Cir. 2002).

[56]  *See Centex Corp. v. United States,* 486 F. 3d 1369 (Fed. Cir. May 17, 2007); *Fitzgerald v. Hampton,* 545 F. Supp. 53 (D.D.C. 1982); *Oklahoma Aerotronics v. United States of America*, 943 F. 2d 1344 (D.C. Cir. 1991).

16

claims by all putative class members who received lump sum benefits on or before January 18, 1994.

**CONCLUSION**

For the foregoing reasons, PBGC respectfully requests that the Motion to Dismiss be granted.

Dated: September 14, 2007                    Respectfully submitted,

                                                /s/ Mark R. Snyder

ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
STEPHANIE THOMAS
Assistant Chief Counsel
JEAN MARIE BREEN
MARK R. SNYDER
Attorneys

PENSION BENEFIT GUARANTY
  CORPORATION
OFFICE OF CHIEF COUNSEL
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone:  202.326.4020
Facsimile:  202.326.4112
e-mail:  breenjean@pbgc.go

Attorneys for Defendant PBGC

17

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES C. STEPHENS, et al.,** | ) | **Case No. 4:00-CV-144** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| **vs.** | ) | |
| | ) | |
| **U.S. AIRWAYS GROUP, INC., et al.,** | ) | <u>**TRANSFER ORDER**</u> |
| | ) | |
| **Defendants.** | ) | |

Before the Court is the Motion to Dismiss Plaintiff's [sic] Third Amended

Complaint filed by Defendant Pension Benefits Guaranty Corporation ("PBGC") (**ECF No. 81**).

For the reasons stated below, the Court **TRANSFERS** the matter to the United States District

Court for the District of Columbia.

## I. BACKGROUND

Plaintiffs' original Complaint, filed on January 18, 2000, named as defendants

U.S. Airways Group, Inc. ("US Air"), and Retirement Income Plan for Pilots of U.S. Air, Inc.

("the Plan") (collectively the "U.S. Air Defendants").  (ECF No. 1, Compl.)  Plaintiffs sought

class certification, and claimed certain violations of their rights (and the rights of others similarly

situated) pursuant to the Employee Retirement and Income Security Act ("ERISA"). (*Id.*)  After

extensive motion practice, the Court granted the U.S. Air Defendants' Motion to Dismiss or, in

the Alternative, for Summary Judgment in a Memorandum of Opinion and Order dated July 25,

2001.[1]  (ECF No. 61.)

On August 23, 2001, Plaintiffs timely appealed the Court's final judgment to the

United States Court of Appeals for the Sixth Circuit.  (*See* ECF No. 63.)  Within a year,

however, US Air filed the first of two reorganization proceedings in the Bankruptcy Court for

the Eastern District of Virginia.  (*See* ECF No. 81-2, Def. Mem. In Supp. of Mot. Diss.[2], 2; *In re*

*US Airways Group, Inc.*, 296 B.R. 734, 738 (Bankr. E.D. Va., Mar. 7, 2003).)  The Sixth Circuit

therefore stayed the case on appeal until US Air emerged from the second bankruptcy

proceeding in 2005.  (ECF No. 81-2, Def. Mem. Supp. at 2-3.)  During the interim period, the

Plan was terminated as of March 31, 2003, and PBGC became the statutory trustee of the Plan

the same day.  (*Id.* at 2.)

After the case resumed before the Sixth Circuit in 2005, the court of appeals

granted PBGC's motion to be substituted as appellate counsel.  (*See* ECF No. 67).  The court of

appeals also granted US Air's motion to be dismissed as a party to the appeal.  (*See* ECF No.

68).  On September 13, 2006, the Sixth Circuit issued its opinion, affirming in part and reversing

in part, (*see* ECF No. 69), and consequently the case returned to the Court for

further proceedings.

---

[1]The instant opinion addresses procedural matters.  For a more detailed discussion of the substantive arguments in this case, see the Court's July 25, 2001 Memorandum of Opinion and Order, and *Stephens v. Retirement Income Plan for Pilots of U.S. Air, Inc.*, 464 F.3d 606 (6th Cir. 2006).

[2]ECF Document No. 81 is Defendant's Motion to Dismiss Plaintiff's [sic] Third Amended Complaint. ECF Document No. 81-2 is Defendant's accompanying Memorandum In Support of the Motion to Dismiss (hereinafter "Def. Mem. Supp.).

In light of the Sixth Circuit's opinion, the Court conducted several teleconferences with counsel, hoping to mediate a settlement.[3]  (*See* ECF entries for Dec. 18, 2006; Jan. 29, 2007; ECF No. 73.)  In a teleconference with counsel on March 5, 2007, the participants discussed a potential framework for settlement talks, and PBGC raised the issue of venue along with other legal issues.  As a result of the concerns expressed by both sides, the Court ordered additional motion practice, which included an order for Plaintiffs to file a Third Amended Complaint, to which PBGC was to file a responsive pleading in the form of a Motion to Dismiss or Transfer for Lack of Venue.  (*See* ECF No. 73.)

## II. DEFENDANT PBGC'S INSTANT MOTION TO DISMISS

Pursuant to the Court's order, Plaintiffs filed their Third Amended Complaint on March 30, 2007.  (ECF No. 75.)  PBGC, in turn, filed a document entitled Motion to Dismiss on April 30, 2007, along with a supporting memorandum.  (ECF No. 81.)  The parties also filed an opposition brief and reply brief, respectively.  (ECF Nos. 84; 85.)   In its Motion to Dismiss and related briefs, PBGC argued, *inter alia*, that venue does not lie in the Northern District of Ohio, and that the proper venue is the District Court for the District of Columbia.  (ECF No. 81-2, Def. Mem. Supp. 9-11.)  Despite Plaintiffs' well-written arguments to the contrary, the Court agrees with PBGC's venue position.

Critically, 29 U.S.C. § 1303(f) specifically and narrowly provides for venue in actions against PBGC, both as a statutory trustee and as successor-in-interest to a terminated

---

[3]Notably, PBGC stands as the sole defendant in the case on remand; Plaintiffs' Third Amended Complaint alleges claims against PBGC as the successor-in-interest to the Plan, as well as current trustee of the Plan.  (*See* ECF No. 75, Third Amend. Compl., ¶ 1; ECF No. 81-2, Def. Mem. Supp., 3.)  As a result, current defense counsel is different than defense counsel at the outset of the case.  Similarly, counsel for Plaintiffs has changed since the case's inception.  (*See* ECF No. 72).

plan.  Subchapter § 1303(f)(2) instructs that the appropriate forum is one of three options:

> (A) the United States district court before which [pension plan termination proceedings] are being conducted, (B) if no such proceedings are being conducted, the United States district court for the judicial district in which the plan has its principal office, or (C) the United States District Court for the District of Columbia."

29 U.S.C. § 1303(f)(2).  Here, option (A) does not apply, because the Plan was terminated more than four years ago.  Similarly option (B) does not apply because the Plan, previously terminated, consequently no longer has a "principal office."  Therefore, by process of elimination, only option (C) remains; the District Court for the District of Columbia is the sole proper venue for Plaintiffs' case at this point.

Accordingly, the Court finds, pursuant to 28 U.S.C. § 1406(a), that it is in the interest of justice to transfer the case to the District Court for the District of Columbia.  This moots the portion of PBGC's Motion to Dismiss dealing with venue.  The Court is not ruling on any other part of PBGC's Motion to Dismiss.

### III.  CONCLUSION

For the reasons stated above, the Court hereby directs the Clerk of Court to **TRANSFER** the above-captioned case to the United States District Court for the District of Columbia.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster    June 28, 2007*
**Dan Aaron Polster**
**United States District Judge**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES STEPHENS, *et al.*, )<br><br>　　　　　　　　*Plaintiffs*, )<br><br>　　　　*v.* )<br><br>US AIRWAYS GROUP, INC., *et al.*, )<br><br>　　　　　　　　*Defendants*. ) | Case No. 07 1264 - RMC<br><br>Judge Rosemary M. Collyer |

**ORDER**

The Court has reviewed the Pension Benefit Guaranty Corporation's First Amended

Motion to Dismiss Plaintiff's Third Amended Complaint and good cause having been shown, it

is hereby ORDERED that:

1. Count III of the Complaint is dismissed with prejudice, pursuant to

　　Fed. R. Civ. P. 12(b)(6);

2. The request for attorneys' fees in the prayer of the Complaint is dismissed with

　　prejudice, pursuant to Fed. R. Civ. P. 12(b)(6); and

3.  All claims by all putative class members who received lump sum benefits on or before January 18, 1994, are dismissed with prejudice.

Dated:_____

_____
Rosemary M. Collyer
Judge, U.S. District Court for the
District of Columbia

## <u>CERTIFICATE OF SERVICE</u>

I certify that copies of Pension Benefit Guaranty Corporation's First Amended Motion to Dismiss, Memorandum in Support and Proposed Order were served on September 14, 2007, by electronic message and by Federal Express for delivery on the next business morning on the following:

**Jacks C. Nickens, Esq.**
**Jessica L. Wilson, Esq.**
Nickens, Keeton, Lawless
    Farrell & Flack, LLP
600 Travis St., Suite 7500
Houston, TX 77002

**Tom A. Jerman, Esq.**
**Karen M. Wahle, Esq.**
O'Melveny & Myers, LLP
1625 I Street, NW
First Floor
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
tjerman@omm.com

**Roger Eric Zuckerman, Esq.**
Zuckerman Spaeder, LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
(202) 778-1802
(202) 822-8106 (fax)
rzuckerman@zuckerman.com


 /s/ Mark R. Snyder
Mark R. Snyder