UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES C. STEPHENS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No. 07-1264 (RMC) |
| | ) |
| US AIRWAYS GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

PLAINTIFFS' OPPOSITION TO DEFENDANT PENSION
BENEFIT GUARANTY CORPORATION'S FIRST AMENDED
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

Jacks C. Nickens (admitted *pro hac vice*)
jnickens@nickenskeeton.com
Jessica L. Wilson (admitted *pro hac vice*)
jwilson@nickenskeeton.com
NICKENS KEETON LAWLESS
  FARRELL & FLACK LLP
600 Travis, Suite 7500
Houston, TX 77002
(713) 571-9191
(713) 571-9652 (Fax)

Roger E. Zuckerman (D.C. Bar # 134346)
rzuckerman@zuckerman.com
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
(202) 778-1800
(202) 822-8106 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................. ii

I.    PRELIMINARY STATEMENT ........................................ 1

II.   FACTS ................................................................ 2

III.  DISCUSSION ......................................................... 4

      A.    Relevant Legal Standards. ........................................ 4

      B.    Plaintiffs Have Stated a Claim Against PBGC for Co-Fiduciary Liability. ....... 5

            1.    Section 1105(a)(3) Provides for Liability for a Co-Fiduciary Who Fails to Remedy a Prior Fiduciary Breach ........................... 5

            2.    PBGC's Reliance on the *Varity* Line of Cases is Misplaced. ........... 7

      C.    Plaintiffs Are Entitled to Attorneys' Fees. .............................. 9

      D.    Plaintiffs are Entitled to Define Class to Include Pre-1994 Members. ......... 10

IV.  CONCLUSION ...................................................... 12

# **TABLE OF AUTHORITIES**

**Cases** **Page**

*Beauchem v. Rockford Prods. Corp.*,
    No. 01 C 50134, 2004 WL 432328 (N.D. Ill. Feb. 6, 2004) .................... 6

*Boivin v. U.S. Airways, Inc.*,
    446 F.3d 148 (D.C. Cir. 2006) ............................................. 11

*Brugos v. Nannenga*,
    No. 2:03CV547RM, 2005 WL 1528370 (N.D. Ind. June 24, 2005) ................ 6

*Crummett v. Metropolitan Life Ins. Co.*,
    No. 06-01450 (HHK), 2007 WL 2071704 (D.D.C. July 16, 2007) ................ 8

*EEOC v. Kimbrough Inv. Co.*,
    703 F.2d 98 (5th Cir. 1983) .............................................. 10

*Goepfort v. Trustmark Ins. Co.*,
    No. 05C1132, 2006 WL 2597984 (E.D. Wis. Sept. 11, 2006) ................... 8

*McQueen v. Woodstream Corp.*,
    No. 05-2068, 2007 WL 2284747 (D.D.C. Aug. 10, 2007) ...................... 11

*Miller v. United States*,
    No. 06-1250, 2007 WL 2071642 (D.D.C. July 19, 2007) ....................... 4

*Radford v. General Dynamics Corp.*,
    151 F.3d 396 (5th Cir. 1998) (Parker, J., dissenting) ........................ 11

*Stewart v. National Educ. Ass'n*,
    404 F. Supp. 2d 122 (D.D.C. 2005) ......................................... 6

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996) .................................................... 7, 8

*Walker v. Johnson*,
    No. 05-2118 (RMC), 2007 WL 2350112 (D.D.C. Aug. 17, 2007) .................. 4

*Warren v. District of Columbia*,
    353 F.3d 36 (D.C. Cir. 2004) .............................................. 4

*Weisler v. Metal Polishers Union & Prod. & Novelty Workers Union 8A-28A*,
    533 F. Supp. 209 (S.D.N.Y. 1982) .................................................... 7

**Statutes**

28 U.S.C. § 1331 .................................................................................. 4

28 U.S.C. § 2412(b) ........................................................................... 10

29 U.S.C. § 1105(a)(3) .................................................................. 5, 7-9

29 U.S.C. § 1109(b) ......................................................................... 5-7

29 U.S.C. § 1113 ............................................................................... 10

29 U.S.C. § 1132 ................................................................................. 8

29 U.S.C. § 1132(a)(1)(B) ................................................................... 8

29 U.S.C. § 1132(a)(3) .................................................................... 7, 8

29 U.S.C. § 1132(e)(1) ........................................................................ 4

29 U.S.C. § 1132(g) ............................................................................ 9

29 U.S.C. § 1303(f) .................................................................... 4, 9, 10

29 U.S.C. § 1303(f)(3) ........................................................................ 9

29 U.S.C. § 1303(f)(4) ........................................................................ 4

29 U.S.C. § 1303(f)(5) ...................................................................... 10

Fed. R. Civ. P. 12(b)(1) ...................................................................... 4

Fed. R. Civ. P. 12(b)(6) ...................................................................... 4

**Miscellaneous**

Dep't of Labor, Opinion No. 76-95 (Sept. 30, 1976) ........................... 7

Dep't of Labor, Opinion No. 77-79/80A (Oct. 3, 1977) ....................... 7

The Oxford Desk Dictionary and Thesaurus 491 (Am. ed. 1997) ....... 9

Plaintiffs James C. Stephens ("Mr. J.C. Stephens"), Floyd G. Stephens ("Mr. F.G. Stephens"), Richard Mahoney ("Mr. Mahoney") and Donald V. Nippert ("Mr. Nippert") (collectively "Plaintiffs") oppose Defendant Pension Benefit Guaranty Corporation's First Amended Motion to Dismiss Plaintiffs' Third Amended Complaint.

## I.   PRELIMINARY STATEMENT

This case, pending for over seven years, stems from US Airways Group, Inc.'s ("US Airways") and the Retirement Income Plan for Pilots of U.S. Air Inc.'s ("the Plan") execution of a delay in the payment of lump-sum benefits so that the Plan could earn and retain such funds and the investment income the funds generated for the retention period. Due to the bankruptcies of US Airways and a resulting agreement to terminate the Plan, the Pension Benefit Guaranty Corporation ("PBGC") owns the Plan's assets (including the unjustly earned income), guarantees the Plan's obligations, and acts as its trustee. In their Third Amended Complaint, Plaintiffs have asserted two causes of action previously pending against US Airways and the Plan, now asserted against the PBGC as successor-in-interest to the Plan. Plaintiffs have added a third statutory cause of action against the PBGC as a result of its failure to remedy the fiduciary breach of US Airways.

In its First Amended Motion to Dismiss, PBGC argues that Count III (co-fiduciary liability) should be dismissed because Plaintiffs have an adequate remedy at law for their "mere denial of benefits" claim. In addition, PBGC asserts that it cannot be liable as a co-fiduciary because it was not a fiduciary of the Plan at the same time as US Airways. In fact, Plaintiffs do not have an adequate remedy at law against PBGC for its breach of fiduciary duty, and the statute in question, case law, and Department of Labor opinions support the notion that PBGC can be liable for a prior fiduciary breach that it fails to correct. PBGC's claim that Plaintiffs are not entitled to legal fees is

1

also based upon a strained statutory construction. Finally, PBGC has used an inappropriate procedural vehicle for its attempt to limit the scope of the class on limitations ground. PBGC's First Amended Motion to Dismiss should be denied.

## II.     FACTS

Named Plaintiffs were participants in a pension benefit plan administered and funded by U.S. Air. Third Amended Complaint, ¶¶ 7-10. The Plan entitled Plaintiffs, along with other Plan participants, to receive lump-sum distributions of their defined pension benefits. Third Amended Complaint, ¶ 21. The Plan required the lump-sum payments to be made "commencing on the first day of the month coinciding with or next following [the] Normal Retirement Date."[1] Third Amended Complaint, ¶ 22.

US Airways and the Plan, however, adhered to a policy of withholding the lump-sum payments for 45 days past the first day of the month coinciding with or following a pilot's retirement date. This policy was enacted pursuant to an oral understanding with the Airline Pilots Association ("ALPA"). Plaintiffs did not receive their lump-sum distributions until approximately 45 days after they were due. Third Amended Complaint, ¶¶ 32, 44, 53, and 62.

After learning that this 45-day delay was being applied to all lump-sum payments, Plaintiff J.C. Stephens initiated administrative proceedings to challenge the actions of US Airways and the Plan. Third Amended Complaint, ¶¶ 34-37. These administrative proceedings continued for approximately two years, after which the US Airways Retirement Board denied Plaintiff J.C. Stephens' claims. *Id.*

---

[1] The Normal Retirement Date is defined by the Plan "as the date on which the Participant attains his 60th Birthday." Alternatively, a participant entering into early retirement may elect "to begin receiving this retirement income on the first day of any month between the date he retires from the employ of the Employer and his Normal Retirement Date." Third Amended Complaint, ¶¶ 22-23.

Approximately one year after the denial of Stephens' claims by the Retirement Board, Plaintiffs filed this lawsuit on January 18, 2000 against US Airways and the Plan on behalf of themselves and others similarly situated. On July 25, 2001, Judge Polster of the United States District Court for the Northern District of Ohio granted US Airways' and the Plan's Motion to Dismiss on the basis of lack of subject matter jurisdiction. This decision was appealed to the United States Court of Appeals, Sixth Circuit, where it was pending for over five years due to consecutive US Airways bankruptcy stays.

On March 28, 2003, in the context of a US Airways bankruptcy proceeding, PBGC and US Airways executed an agreement terminating the Plan and appointing PBGC as statutory trustee. The Plan terminated as of March 31, 2003. Third Amended Complaint, ¶ 11. Pursuant to the Termination Agreement, all Plan assets were transferred to the PBGC.

On September 13, 2006, the Sixth Circuit issued its Opinion, affirming in part and reversing in part Judge Polster's 2001 decision. *See* Sixth Circuit Opinion. Specifically, the Sixth Circuit affirmed the dismissal of Counts IV and VI of the Second Amended Complaint, and reversed the dismissal of Counts I, II, III, and V of the Second Amended Complaint. *See id.*, p. 7-8. The current complaint – the Third Amended Complaint – retains former Counts I (Third Amended Complaint, Count I) and III (Third Amended Complaint, Count II), and asserts a new statutory claim against the PBGC (Third Amended Complaint, Count III).

On April 30, 2007, PBGC moved to dismiss Plaintiffs' claims in the United States District Court for the Northern District of Ohio on the same grounds asserted in the present First Amended Motion to Dismiss, and also urged dismissal for improper venue and lack of subject matter

jurisdiction.[2] In response, Judge Polster transferred this case to the United States District Court for the District of Columbia on June 28, 2007. PBGC has now filed its First Amended Motion to Dismiss.

### III. DISCUSSION

#### A. Relevant Legal Standards.

Defendant PBGC has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) allows for dismissal of a plaintiff's complaint if the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The "complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests." *Miller v. United States*, No. 06-1250, 2007 WL 2071642, at *2 (D.D.C. July 19, 2007). The Court "must treat the complaint's factual allegations - including mixed questions of law and fact - as true, drawing all reasonable inferences in the plaintiff's favor." *Walker v. Johnson*, No. 05-2118 (RMC), 2007 WL 2350112, at *6 (D.D.C. Aug. 17, 2007). "'[T]he accepted rule in every type of case' is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Miller*, 2007 WL 2071642, at *2 (quoting *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004)).

---

[2] Although PBGC does not purport to file its First Amended Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on grounds of lack of subject matter jurisdiction, PBGC's First Amended Motion to Dismiss contains language implying that it believes the Third Amended Complaint does not properly plead subject matter jurisdiction. *See* First Amended Motion to Dismiss, p. 12-16. In their Third Amended Complaint, Plaintiffs claim subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. The former is the ERISA-specific statute declaring that the district courts of the United States have exclusive jurisdiction over certain civil actions by plan participants; the latter is the general federal question jurisdictional statute. PBGC claims that this Court can have subject matter jurisdiction over this dispute solely under 29 U.S.C. § 1303(f), which states that plan participants may bring action against the PBGC for appropriate equitable relief in certain federal courts. 29 U.S.C. § 1303(f)(4) goes on to state that "This subsection shall be the exclusive means for bringing actions against the corporation . . ."

4

B.      **Plaintiffs Have Stated a Claim Against PBGC for Co-Fiduciary Liability.**

Defendant PBGC moves to dismiss Count III of the Third Amended Complaint on the basis that it fails to state a claim. Count III is based on 29 U.S.C. § 1105(a)(3), which gives rise to liability when a fiduciary has knowledge of a breach by another fiduciary, unless that fiduciary makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a)(3).[3]

1.      **Section 1105(a)(3) Provides for Liability for a Co-Fiduciary Who Fails to Remedy a Prior Fiduciary Breach.**

In urging dismissal of Count III, PBGC relies on 29 U.S.C. § 1109(b), which states that "No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary." 29 U.S.C. § 1109(b). Plaintiffs' co-fiduciary liability claim is based on the premise that 29 U.S.C. § 1105(a)(3) creates liability for a *separate* fiduciary breach by the fiduciary who has knowledge of a breach and fails to make reasonable efforts under the circumstances to remedy the breach. In other words, Plaintiffs are not seeking to hold PBGC liable for US Airways' fiduciary breach; instead, Plaintiffs seek to hold PBGC liable for its own breach, which occurred when it failed to make reasonable efforts to remedy US Airways Group, Inc.'s fiduciary breach. The Court must presume Congress intended for both statutory provisions to be meaningful and give them an interpretation that reconciles the two and gives them meaning. PBGC's interpretation would have 29 U.S.C. § 1109(b) swallow 29 U.S.C. § 1105(a)(3) and make 29 U.S.C. § 1105(a)(3) meaningless, at least as to the PBGC.

---

[3] "In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: . . . (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." 29 U.S.C. § 1105(a)(3).

5

PBGC cites two unreported cases for the proposition that a later fiduciary cannot be liable for failing to correct breaches of prior fiduciaries. These cases are contrary to published ERISA Opinion Letters and case law. In *Beauchem v. Rockford Prods. Corp.*, the Northern District of Illinois court argued that "Allowing a fiduciary to be liable for failing to correct a breach committed by prior fiduciaries would destroy the protection of section 1109(b)." *Beauchem v. Rockford Prods. Corp.*, No. 01 C 50134, 2004 WL 432328, at *3 (N.D. Ill. Feb. 6, 2004). The Court's reasoning applies in reverse: the prohibition of section 1109(b) should not destroy the liability stated in section 1105(a)(3). The *Beauchem* court did not distinguish between holding a successor fiduciary responsible for a breach of a prior fiduciary vis-à-vis holding a successor fiduciary responsible for its own breach caused by knowledge of and failure to remedy a prior breach. *See Beauchem*, 2004 WL 432328, at *3 ("ERISA expressly states that no fiduciary shall be liable for a breach committed before he became a fiduciary or after he ceased to be one.").

Similarly, *Brugos v. Nannenga* is not helpful to PBGC's defense because the holding related to co-fiduciary liability was based solely on the way the *Brugos* plaintiffs had framed their claim in the complaint. *Brugos v. Nannenga*, No. 2:03CV547RM, 2005 WL 1528370, at *3 (N.D. Ind. June 24, 2005) ("The Post-Purchase trustees assert that the plain language of count V limits the time frame for the underlying claims against Mr. Bohlen and Mr. Novak so as to bring the Post-Purchase Trustees under the protection of 29 U.S.C. § 1109(b).").

The Department of Labor has issued two Advisory Opinions that contradict PBGC's position.[4] In 1976, the Department of Labor responded to an inquiry as to whether "section 409(b)

---

[4] The D.C. Circuit considers persuasive and gives deference to an agency's construction of a statute. *Stewart v. National Educ. Ass'n*, 404 F. Supp. 2d 122, 130 n.5 (D.D.C. 2005).

is intended to exonerate successor fiduciaries from liability for the acts of their predecessors . . . ."[5]

The Department of Labor advised that:

> Section 409(b) of the Act provides that no fiduciary shall be liable with respect to a breach of fiduciary duty under Title I of the Act, if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary. Section 409(b) does not, however, exempt a fiduciary from carrying out his responsibilities to a plan imposed by various provisions of Part 4 of Title 1 of the Act. For example, although a fiduciary may not be liable under section 409 of the Act for the acts of predecessor fiduciaries, if he knows of a breach of fiduciary responsibility committed by a predecessor fiduciary, he would be obligated to take whatever action is reasonable and appropriate under the circumstances to remedy such breach. *Failure to take such action would constitute a separate breach of fiduciary responsibility by the successor fiduciary.*

Dep't of Labor, Opinion No. 76-95 (Sept. 30, 1976) (emphasis added). The Department of Labor affirmed this Opinion in 1977. *See* Dep't of Labor, Opinion No. 77-79/80A, at *13 (Oct. 3, 1977); *accord Weisler v. Metal Polishers Union & Prod. & Novelty Workers Union 8A-28A*, 533 F. Supp. 209, 215-16 (S.D.N.Y. 1982) ("Further, as defendants quite correctly point out, 29 U.S.C. § 1105(a)(3) requires the Trustees to examine and if necessary rescind prior actions if such actions violated provisions of ERISA."). The Department of Labor's interpretation of § 1105(a)(3) and its interaction with 29 U.S.C. § 1109(b) supports Plaintiffs' claim against PBGC for co-fiduciary liability.

### 2.     PBGC's Reliance on the *Varity* Line of Cases is Misplaced.

PBGC also argues that the Court should dismiss the co-fiduciary claim because it is merely a repackaged denial of benefits claim. In *Varity Corp. v. Howe*, the Supreme Court held that 29 U.S.C. § 1132(a)(3) authorizes "appropriate" equitable relief, including claims for breach of

---

[5] The specific question asked of the Department of Labor was whether a successor fiduciary was exonerated from liability (under § 1109(b)) for the acts of their predecessors that occurred prior to the passage of ERISA. However, the fact that the predecessors' acts may have predated the passage of ERISA was not relevant to the Department of Labor's analysis. Dep't of Labor, Opinion No. 76-95 (Sept. 30, 1976).

7

fiduciary duty, only in circumstances in which a plaintiff has no other adequate remedy under 29 U.S.C. § 1132. *Crummett v. Metropolitan Life Ins. Co.*, No. 06-01450 (HHK), 2007 WL 2071704, at *1 (D.D.C. July 16, 2007) (citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996)).

There is authority in the District of Columbia for the view that a fiduciary duty claim that is potentially a repackaged denial of benefits claim should not be dismissed at the pleadings stage:

> [A] district court generally should not dismiss a § 1132(a)(3) claim as duplicative of a claim for benefits at the motion to dismiss stage of a case. . . . This is so because: (1) it may be difficult to determine at the pleading stage of a case whether relief is available under § 1132(a)(1)(B); (2) some allegations might support a claim under § 1132(a)(1)(B) and others a claim under § 1132(a)(3); (3) *Varity Corp.* did not deal with pleading but with relief; and (4) federal pleading rules allow a plaintiff to plead claims hypothetically or alternatively.

*Goepfort v. Trustmark Ins. Co.*, No. 05C1132, 2006 WL 2597984, at *2 (E.D. Wis. Sept. 11, 2006) (cited with approval by *Crummett*, 2007 WL 2071704, at *2-3).

PBGC asserts that Plaintiffs rely on the same facts and request the same remedies in Count III as in Counts I and II. Counts I and II, however, are asserted against PBGC in its role as successor-in-interest to the Plan. These Counts previously were asserted against the Plan and relate to underpayment of plan benefits. Count III, in contrast, is asserted against PBGC in its current role as fiduciary over the Plan in its current form, and relies on facts not relevant to Counts I and II - that PBGC had knowledge of a breach by US Airways and did not make reasonable efforts under the circumstances to remedy the breach. Section 1105(a)(3) makes failure to remedy a prior and continuing breach a separate breach. For this separate breach, Plaintiffs have no other means of obtaining a remedy under 29 U.S.C. § 1132. To follow PBGC's reasoning that Count III is "repackaged," the Court must accept PBGC's flawed assessment that the Plaintiffs are trying to hold PBGC liable for a breach of fiduciary duty committed by US Airways. This overlooks Plaintiffs'

position and the analysis in the Department of Labor's interpretation of the co-fiduciary liability statute - that a cause of action pursuant to § 1105(a)(3) is based on a "separate breach of fiduciary responsibility by the successor fiduciary."

### C. Plaintiffs Are Entitled to Attorneys' Fees.

Defendant PBGC asserts that Plaintiffs are not entitled to attorneys' fees against PBGC because 29 U.S.C. § 1303(f) does not explicitly provide for attorneys' fees. PBGC's argument is based on statutory interpretation principles, but not based upon any prohibition in the statute or in case law interpreting the statute.[6] In fact, the PBGC does not cite a single case for the proposition that a prevailing plaintiff may not obtain an award of attorneys' fees against the PBGC.

PBGC notes numerous times in its First Amended Motion to Dismiss that "subject matter jurisdiction is available only under" 29 U.S.C. § 1303(f), and that it is the "exclusive means" for bringing an action against PBGC. While it may be true that 29 U.S.C. § 1303(f) grants subject matter jurisdiction and is the exclusive statutory provision "by which a result is brought about"[7] against the PBGC, it does not follow that section 1303(f) exclusively governs the remedies available to Plaintiffs in this case. For example, one can make a distinction between claims made by Plaintiffs against PGBC as a successor-in-interest/substitute trustee of the Plan (Counts I and II) and claims made against PBGC in its own right (Count III). As to Counts I and II, at least, Plaintiffs are entitled to reasonable attorneys' fees under 29 U.S.C. § 1132(g).

---

[6] 29 U.S.C. § 1303(f)(3) states that "In any action brought under this subsection, the court may award all or a portion of the costs and expenses incurred in connection with such action to any party who prevails or substantially prevails in such action."

[7] THE OXFORD DESK DICTIONARY AND THESAURUS 491 (Am. ed. 1997).

Also, Plaintiffs may be entitled to attorneys' fees against the PBGC for claims made in the Third Amended Complaint pursuant to 28 U.S.C. § 2412(b), which provides:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States . . . in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b).

PBGC's argument that 28 U.S.C. § 2412(b) does not allow for Plaintiffs to recover attorneys' fees is derivative of its statutory interpretation argument that 29 U.S.C. § 1303(f) is the "exclusive means" for bringing an action against the PBGC and it does not expressly provide for an award of attorneys' fees. As noted above, the lack of an express attorneys' fees provision in section 1303(f) is not equivalent to an express prohibition by statute and, therefore, the Court could award attorneys' fees to Plaintiffs in this case if the circumstances supported such an award.

PBGC cites *EEOC v. Kimbrough Inv. Co.*, 703 F.2d 98, 103 (5th Cir. 1983), for the proposition that section 2412(b) "applies only to claims for attorneys' fees when no other specific statute deals with an award of attorneys' fees against the government." *Kimbrough Inv. Co.*, 703 F.2d at 103. It must be noted that if PBGC's contention is correct - that 29 U.S.C. § 1303(f) is the exclusive means for bringing an action against the PBGC and it does not allow for an award of attorneys' fees - Plaintiffs would fall into the express ambit of 28 U.S.C. § 2412(b).

**D.    Plaintiffs are Entitled to Define Class to Include Pre-1994 Members.**

Whether the applicable six-year statute of limitations stems from 29 U.S.C. § 1303(f)(5) or 29 U.S.C. § 1113, it should not be used to limit Plaintiffs' definition of the class. The appropriate

procedural vehicle for asserting a limitations defense is a motion for summary judgment.[8] The appropriate procedural vehicle for challenging Plaintiffs' class definition is opposition to Plaintiffs' eventual motion for class certification. Defendants' motion is premature for a variety of reasons. At this stage Plaintiffs' *pleadings* must be accepted as true and accorded every reasonable inference to support those pleadings. It is not appropriate to limit the scope of the class based upon the suspicion of a limitations defense.

In addition, the six-year statute of limitations may not bar pre-1994 class members due to tolling of limitations during J.C. Stephens' exhaustion of administrative remedies. A plan participant must exhaust administrative remedies prior to bringing suit in federal court. *Boivin v. U.S. Airways, Inc.*, 446 F.3d 148, 153-54 (D.C. Cir. 2006). "Common sense and basic fairness dictates that if we are willing to read in [to ERISA] an exhaustion requirement, we must toll the limitations period while exhaustion occurs." *Radford v. General Dynamics Corp.*, 151 F.3d 396, 401 (5th Cir. 1998) (Parker, J., dissenting).

Despite retiring as of December 1, 1996, J.C. Stephens did not receive his lump sum distribution until January 14, 1997. Stephens inquired about the delay and, soon thereafter, commenced his pursuit of administrative remedies. This included a demand for payment of the actuarial equivalent of the delayed lump sum distribution, a request for relief to the Plan Administrator, and an appeal to the Pilots Retirement Board. *See* Third Amended Complaint, ¶¶ 33-37. The Pilots Retirement Board denied J.C. Stephens' claim on September 21, 1998. *See id.*, ¶ 37. With this decision, J.C. Stephens' and the other class members' administrative remedies were

---

[8] "Because statute of limitations issues often depend on contested questions of fact, however, the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *McQueen v. Woodstream Corp.*, No. 05-2068, 2007 WL 2284747, at *4 (D.D.C. Aug. 10, 2007).

exhausted.[9] As a result, the applicable six-year statute of limitations was tolled for approximately 20 months. This would allow Plaintiffs to define the class as including at least some pre-1994 class members. It would be premature for the Court to dismiss such class members' claims prior to the class certification hearing and/or any motion for summary judgment filed by PBGC.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to deny PBGC's First Amended Motion to Dismiss.

Dated:   September 28, 2007                    Respectfully submitted,

/s/ Jessica L. Wilson
Jacks C. Nickens (admitted *pro hac vice*)
jnickens@nickenskeeton.com
Jessica L. Wilson (admitted *pro hac vice*)
jwilson@nickenskeeton.com
NICKENS KEETON LAWLESS
   FARRELL & FLACK LLP
600 Travis, Suite 7500
Houston, TX 77002
(713) 571-9191
(713) 571-9652 (Fax)


/s/ Roger E. Zuckerman w/p JLW
Roger E. Zuckerman (D.C. Bar # 134346)
rzuckerman@zuckerman.com
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
(202) 778-1800
(202) 822-8106 (Fax)

ATTORNEYS FOR PLAINTIFFS

---

[9] The Pilots Retirement Board's decision did not turn on facts or circumstances unique to J.C. Stephens. Rather, the rationale of the Board's decision applied to all similarly situated pilots of US Airways. Therefore, J.C. Stephens exhausted available administrative remedies for himself as well as the Class.

12

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2007, a copy of the foregoing Plaintiffs' Opposition to Defendant Pension Benefit Guaranty Corporation's First Amended Motion to Dismiss Plaintiffs' Third Amended Complaint was served upon all counsel of record via CM/ECF notification.

/s/ Jessica L. Wilson

36388v1

13

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES C. STEPHENS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Civil Action No. 07-1264 (RMC) |
| | ) |
| **US AIRWAYS GROUP, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Having considered PBGC's First Amended Motion to Dismiss Plaintiffs' Third Amended Complaint, Plaintiffs' Opposition, the pleadings, and argument of counsel, if any, the Court finds that PBGC's First Amended Motion to Dismiss Plaintiffs' Third Amended Complaint should be and hereby is DENIED.

SIGNED this ____ day of _____, 2007.

_____
Hon. Rosemary M. Collyer
United States District Judge