UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES STEPHENS, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 07 1264 - RMC |
| ) | |
| *v.* ) | Judge Rosemary M. Collyer |
| ) | |
| US AIRWAYS GROUP, INC., *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANT PENSION BENEFIT GUARANTY CORPORATION'S REPLY TO PLAINTIFFS' OPPOSITION TO FIRST AMENDED MOTION TO DISMISS**

Dated: October 4, 2007

ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
STEPHANIE THOMAS
Assistant Chief Counsel
JEAN MARIE BREEN
MARK R. SNYDER
Attorneys

PENSION BENEFIT GUARANTY
  CORPORATION
Office of Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: 202.326.4020
Facsimile: 202.326.4112
e-mail: breenjean@pbgc.gov efile@pbgc.gov

Attorneys for Defendant PBGC

Defendant Pension Benefit Guaranty Corporation ("PBGC") filed an amended motion to dismiss in part the Third Amended Complaint (the "Complaint") for failure to state a claim upon which relief can be granted regarding: (1) Count III of the Complaint; (2) the request for attorneys' fees; and (3) all purported class members who received benefits prior to January 19, 1994. On September 28, 2007, Plaintiffs filed an opposition to PBGC's First Amended Motion to Dismiss, and PBGC now replies.

**Plaintiffs Fail to State a Viable Claim for Fiduciary Breach**

Plaintiffs repackage their benefit claims from the first two Counts in the Complaint and assert them again, this time as a fiduciary breach claim in Count III. Based on *Varity*,[1] the majority of the circuit courts have held that there is no cause of action pursuant to 29 U.S.C. § 1132(a)(3), where plaintiffs simply recharacterize a denial of benefits as a fiduciary breach claim.[2]

In Counts I & II of the Complaint, Plaintiffs allege that US Airways, as plan administrator, underpaid their benefits. In Count III they allege that the underpayment of benefits alleged in Counts I and II constituted a fiduciary breach by US Airways, and that PBGC breached

---

[1] *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

[2] *See, e.g., Wilkins v. Baptist Healthcare Sys.,* Inc., 150 F.3d 609 (6th Cir. 1998); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416 (6th Cir. 2006); *Korotynska v. Metro. Life Ins. Co.,* 474 F.3d 101, 105 (4th Cir. 2006) (dismissal of fiduciary breach claim under (a)(3) proper where the plaintiff had a cause of action under (a)(1)); *Larocca v. Borden, Inc.*, 276 F.3d 22, 28-29 (1st Cir. 2002) (if a plaintiff can pursue a remedy under subsection (a)(1), there is an adequate remedy that bars further remedy under subsection (a)(3)); *Katz v. Comprehensive Plan of Group Ins.,* 197 F.3d 1084, 1088-89 (11th Cir. 1999) (upholding dismissal of fiduciary breach claim under (a)(3) where there was an adequate remedy available for a denial of benefits under (a)(1)); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (same); *Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) (same).

its duty by failing, as co-fiduciary, to take appropriate action under the circumstances to remedy US Airways' breach.[3]

The test for determining if a fiduciary breach claim is merely a repackaged benefit claim is whether the plaintiff simply characterizes a denial of benefits as a breach of fiduciary duty.[4] Plaintiffs argue that they do not fail the *Varity* test because Count III seeks to hold PBGC liable for its own fiduciary breach, whereas Counts I and II seek to hold PBGC liable as alleged successor-in-interest to the Plan.

Plaintiffs' argument misses the point of *Varity* and its progeny – if a fiduciary breach claim is in substance merely a repackaged benefit claim, plaintiffs are precluded from suing. *Varity* focuses on the available remedies. If the Plaintiffs ultimately prevail on the benefit claims that they allege in Counts I and II, their remedy is recovery of their denied benefits. PBGC's role, whether as a successor trustee of the plan or a fiduciary, is irrelevant to the *Varity* test.

Plaintiffs also argue that PBGC's alleged failure to remedy or mitigate US Airways' alleged breach is a separate and independent breach as to which they will not have a remedy unless they are permitted to sue separately.[5]

---

[3] A more detailed summary of the allegations in Counts I-III appears on pp. 3-5 of PBGC's opening brief.

[4] *See Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d at 615-16; *Moore v. Lafayette Life Ins. Co.*, 458 F.3d at 427-28.

[5] In its opening brief, PBGC argues that it is not a co-fiduciary because the agency did not become a fiduciary until the Pilots Plan was terminated on March 31, 2003. PBGC's Brief, pp. 10-11. As a successor trustee, PBGC is not liable for fiduciary breaches committed before it became a fiduciary. PBGC's Brief, pp. 10-11.

But in *Moore, supra,* the Sixth Circuit affirmed the decision of the district court to dismiss a fiduciary breach claim almost identical to the one here, citing *Varity*. The Sixth Circuit found the difference between the underlying benefit counts and the fiduciary breach count was the added allegation that the fiduciary "deliberately, unnecessarily, and/or unreasonably" withheld benefit payments in bad faith.[6]  The court held that this additional allegation is insufficient to save a fiduciary breach claim from preclusion under the *Varity* test.

Here, Plaintiffs try to except a nearly identical claim from preclusion under *Moore*, by focusing on another added allegation, i.e., that PBGC had knowledge of US Airways' breach and failed to remedy it.  In other words, PBGC had knowledge of an alleged fiduciary breach nearly identical to one that the Sixth Circuit concluded is merely a repackaged benefits claim.  It would defeat the underlying rationale of *Varity* and its progeny to adopt Plaintiffs' argument that they are not precluded from bringing suit under 29 U.S.C. § 1132(a)(3), because of yet another alleged level of "knowledge" about repackaged benefit claims.

Courts applying the majority rule dismiss fiduciary breach claims where the plaintiff *may* be entitled to recover under a claim for benefits.  In *Pearson v. Abbot Labs. Annuity Retirement Plan*,[7] the court noted that:

> the great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under *§ 1132(a)(1)(B)* may not proceed with a claim under *§ 1132(a)(3)*.  These courts have not allowed claimants to proceed with *§ 1132(a)(3)* claims where relief was *potentially available to them* under *§ 1132(a)(1)(B)*, because, in *Varity*, "[t]he Supreme Court clearly limited the applicability of *§ 1132(a)(3)* to beneficiaries who may not avail themselves of *§ 1132*'s other remedies.

---

[6] *Moore*, 428 F. 3d at 427-28.

[7] 2007 WL 2688616 ( D.S.C. 2007).

The court in *Pearson* also held that "[t]he simple fact that Plaintiff may not prevail on his claim under *§ 1132(a)(1)(B)* does not make his alternative claim under *§ 1132(a)(3)* viable." The court then granted the defendants' motion to dismiss the cause of action for breach of fiduciary duty.

Similarly, in *Dotson v. McLeod Health Short Term Disability Plan*,[8] the court dismissed the plaintiff's causes of action for breach of fiduciary duty under § 1132(a)(3) because the plaintiff had a potential remedy for benefits due under § 1132(a)(1)(B).

Plaintiffs cite *Goepfort v. Trustmark Insurance Company*,[9] in support of their position that the court should not dismiss the fiduciary breach claim at the pleadings stage of this case. Plaintiffs assert that *Goepfort* was cited "with approval" in a District of Columbia opinion, *Crummett v. Metropolitan Life Insurance Company*.[10] But the court in *Crummett* **dismissed** the fiduciary breach count:

> The court agrees that dismissal of § 502(a)(3) claims should not automatically occur simply because a complaint also brings § 502(a)(1)(B) claims . . . . The gravamen of Crummett's complaint is that she was improperly denied benefits, and the remedies she seeks are wholly directed at recovering for that denial. She alleges no other injuries and seeks no other remedies. Should she prevail, her remedies under (1)(B) [for benefits] will make her whole and equitable relief will be unnecessary; should she lose, it will be because she is not entitled (equitably or otherwise) to recover at all.[11]

---

[8] 2007 WL 2688559 (D.S.C. 2007).

[9] 2006 WL 2597984 (E.D. Wis. 2006); cited on p. 8 of Plaintiffs' Brief.

[10] 2007 WL 2071704 (D.D.C. 2007); cited on p. 8 of Plaintiffs' Brief.

[11] *Id.* at *3.

Plaintiffs in the instant case, likewise have adequate potential remedies if in fact they were denied benefits, and, accordingly, their fiduciary breach claims should be dismissed.

### Plaintiffs Are Not Entitled to Attorneys' Fees

PBGC moved to dismiss Plaintiffs' request for an award of attorneys' fees. Fee shifting is not authorized in this action by either 29 U.S.C. § 1303(f)(3) or by the Equal Access to Justice Act, 28 U.S.C. § 2412.[12] In response, Plaintiffs argue that they are entitled to reasonable attorneys' fees "[a]s to Counts I and II, at least,"[13] under 29 U.S.C. § 1132(g). Plaintiffs also argue that they may be entitled to fees pursuant to 28 U.S.C. § 2412(b) because § 1303(f)(3) does not explicitly prohibit awards of attorneys' fees.

Section 1132(g) does not apply to Counts I, II or III. Section 1303(f) in Title IV is the "exclusive means" for suing PBGC in its capacity as trustee of a terminated pension plan under 29 U.S.C. § 1342(d). The general civil enforcement provision in Title I of ERISA, 29 U.S.C. § 1132, does not supplant it.[14]

The enforcement provision for Title I authorizes awards of attorneys' fees in fiduciary breach litigation;[15] however, the civil enforcement provision specific to PBGC does *not* authorize

---

[12] PBGC's Brief, pp. 12-16.

[13] Plaintiffs' Brief, p. 9.

[14] At least one court has applied the statute of limitations in section 1303(e)(6)(B)(ii) in a fiduciary breach action brought by PBGC, as trustee, rather than the statute of limitations in Title I, 29 U.S.C. § 1113. *See PBGC v. Bank One*, 34 F. Supp. 2d 610-11 (S.D. Ohio 1998). The court's rationale was that subject matter jurisdiction in the case was conferred by subsection (e) of section 1303. *Id.*

[15] *See* 29 U.S.C. § 1132(g).

fee awards.[16] PBGC's only fiduciary duties arise as a result of its status as trustee under § 1342, and any such fiduciary duties are limited to the extent that the provisions of Title IV are inconsistent with the requirements applicable under Title I, 29 U.S.C. §§ 1101-1114.[17] Because the Complaint is against PBGC in its capacity as trustee, the exclusive means language of § 1303(f)(4) controls. Accordingly, § 1303(f)(3) applies and fee awards are not authorized.

Plaintiffs also argue that they may be entitled to attorneys' fees under 28 U.S.C. § 2412. That section is not applicable to this case because Title IV specifies when attorneys' fees may be awarded.[18] Furthermore, § 2412(b) provides only that "[t]he United States shall be liable for such fees and expenses to the same extent that any other party would be liable *under the common law* or *under the terms of any statute which specifically provides for such an award*." (Emphasis added). There is no common law rule or statute that provides for an award of fees in this case.

Parties are allowed recovery of fees against the United States under § 2412(b) *only* if they would be entitled to fees against private parties under the same circumstances. The American Rule applies to fees in suits against the government just as it applies in suits against private parties.[19] PBGC shows in its First Amended Motion that the application of the American Rule in the present case does not allow for recovery of attorneys' fees. Therefore, the Plaintiffs' prayer for attorneys' fees should be dismissed.

---

[16] 29 U.S.C. § 1303(f)(3).

[17] 29 U.S.C. § 1342(d)(3).

[18] *See* PBGC's Brief, p. 15.

[19] *See Centex Corp. v. United States*, 486 F.3d 1369 (Fed. Cir. 2007).

**Statute of Limitations**.

The class definition in the Complaint includes purported members who are barred by the statute of limitations. The claims of putative class members who received lump sums on or before January 18, 1994, should be dismissed at this time. If the Court, however, decides to consider the statute of limitations argument raised in PBGC's First Amended Motion to Dismiss at the time of class certification or summary judgment motions, PBGC reserves all of its rights in connection with the argument.

**Conclusion**

For the foregoing reasons, PBGC's Motion to Dismiss should be granted.

Dated: October 4, 2007                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Mark R. Snyder
　　　　　　　　　　　　　　　　　　　　　ISRAEL GOLDOWITZ
　　　　　　　　　　　　　　　　　　　　　Chief Counsel
　　　　　　　　　　　　　　　　　　　　　CHARLES L. FINKE
　　　　　　　　　　　　　　　　　　　　　Deputy Chief Counsel
　　　　　　　　　　　　　　　　　　　　　STEPHANIE THOMAS
　　　　　　　　　　　　　　　　　　　　　Assistant Chief Counsel
　　　　　　　　　　　　　　　　　　　　　JEAN MARIE BREEN
　　　　　　　　　　　　　　　　　　　　　MARK R. SNYDER
　　　　　　　　　　　　　　　　　　　　　Attorneys

　　　　　　　　　　　　　　　　　　　　　PENSION BENEFIT GUARANTY
　　　　　　　　　　　　　　　　　　　　　 CORPORATION
　　　　　　　　　　　　　　　　　　　　　OFFICE OF CHIEF COUNSEL
　　　　　　　　　　　　　　　　　　　　　1200 K Street, N.W., Suite 340
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005-4026
　　　　　　　　　　　　　　　　　　　　　Telephone: 202.326.4020
　　　　　　　　　　　　　　　　　　　　　Facsimile: 202.326.4112
　　　　　　　　　　　　　　　　　　　　　e-mails: breen.jean@pbgc.gov and efile@pbgc.gov

　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Pension Benefit
　　　　　　　　　　　　　　　　　　　　　 Guaranty Corporation

# CERTIFICATE OF SERVICE

I certify that copies of **Defendant Pension Benefit Guaranty Corporation's Reply to Plaintiffs' Opposition to First Amended Motion to Dismiss** were served on October 4, 2007, by electronic message and by Federal Express for delivery on the next business morning on the following:

**Jacks C. Nickens, Esq.**
**Jessica L. Wilson, Esq.**
Nickens, Keeton, Lawless
　Farrell & Flack, LLP
600 Travis St., Suite 7500
Houston, TX 77002

**Tom A. Jerman, Esq.**
**Karen M. Wahle, Esq.**
O'Melveny & Myers, LLP
1625 I Street, NW
First Floor
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
tjerman@omm.com

**Roger Eric Zuckerman, Esq.**
Zuckerman Spaeder, LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
(202) 778-1802
(202) 822-8106 (fax)
rzuckerman@zuckerman.com

　　　　　　　　　　　　　　　　　　　　/s/ Mark R. Snyder
　　　　　　　　　　　　　　　　　　　　Mark R. Snyder