UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JAMES STEPHENS**, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 07 1264 - RMC |
| v. | ) ) | Judge Rosemary M. Collyer |
| **US AIRWAYS GROUP, INC.**, *et al.*,[1] | ) ) ) | |
| *Defendants*. | ) ) | |

**ANSWER OF DEFENDANT PENSION BENEFIT GUARANTY CORPORATION
TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

As statutory trustee of the terminated Retirement Income Plan for Pilots of US Airways, Inc. ("Pilots Plan"), Defendant, Pension Benefit Guaranty Corporation ("PBGC"), answers the Third Amended Complaint as follows:

**I. Introduction**

1.  PBGC denies the allegation in paragraph 1 of the Third Amended Complaint ("Complaint") that PBGC is a successor-in-interest and current trustee of the Retirement Income Plan for Pilots of US Air (the "Plan"). PBGC admits that, pursuant to 29 U.S.C. § 1342, it is the statutory trustee of the terminated Plan. PBGC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 of the Complaint.

---

[1] Plaintiffs styled their Third Amended Class Action Complaint to name US Airways Group, Inc. as the lead defendant, although PBGC is the only defendant named in the body of the complaint.

2.	PBGC denies the allegations in paragraph 2 of the Complaint that lump sum payments were not made as required by the Plan.  PBGC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint.

3.	PBGC admits that Plaintiffs seek restitution but denies that they are entitled to it.  PBGC denies the remaining allegations in paragraph 3 of the Complaint.

## II. Jurisdiction and Venue

4.	PBGC admits that the plaintiffs alleged in paragraph 4 of the Complaint that they and all others similarly situated seek monetary and equitable relief, but PBGC denies that Plaintiffs are entitled to such relief.   PBGC admits that Plaintiffs alleged in paragraph 4 of the Complaint that they and all others similarly situated also seek recovery of all reasonable costs, but the Plaintiffs' Complaint has been dismissed insofar as it requests attorneys' fees.  PBGC denies the remaining allegations in paragraph 4 of the Complaint.

5.	PBGC denies the allegations in paragraph 5 of the Complaint.  PBGC admits that the Court has subject matter jurisdiction under 29 U.S.C. § 1303(f) and 28 U.S.C. § 1331.

6.	Based on the order of the United States District Court for the Northern District of Ohio dated July 25, 2007, granting PBGC's motion to dismiss or transfer this case to the United States District Court for the District of Columbia, pursuant to the specific venue provision in 29 U.S.C. § 1303(f), PBGC denies the allegations in paragraph 6 of the Complaint.   PBGC admits that venue is proper in the United States District Court for the District of Columbia, pursuant to 29 U.S.C. § 1303(f).

## III. Parties

7.	 PBGC lacks information sufficient to form a belief as to the truth of the allegation in paragraph 7 of the Complaint.

8.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.    PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.    PBGC admits that it is a wholly-owned United States government corporation created by Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1462.  PBGC admits that effective March 31, 2003, the Plan terminated and PBGC became statutory trustee of the Plan within the meaning of 29 U.S.C. § 1342.  PBGC denies the remaining allegations in paragraph 11 of the Complaint.

### IV.  Class Action Allegations

12.    PBGC admits that the plaintiffs seek to represent a class under Fed. R. Civ. P. 23(a) and (b)(2),(3).  PBGC lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint.

13.    PBGC lacks sufficient information to form a belief concerning the truth of the allegations in paragraph 13 of the Complaint.

14.    PBGC denies the allegation in paragraph 14 of the Complaint that the claims of the named plaintiffs are typical of the claims, if any, of some members of the class alleged in paragraph 12 of the Complaint.

15.    PBGC admits that the plaintiffs' claims present some questions of law in common with the claims of some other members of the class alleged in paragraph 12 of

the Complaint.  PBGC lacks information sufficient to form a belief as to the truth of the allegation that there are issues of fact common to the Class.

16.  PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.  PBGC denies the allegations in paragraph 17 of the Complaint.

18.  PBGC admits the allegation in paragraph 18 of the Complaint.

19.  PBGC denies the allegations in paragraph 19 of the Complaint.

### V. Factual Background

20.  PBGC admits that pursuant to an agreement executed on March 31, 2003, the Plan was terminated and PBGC became statutory trustee of the Plan within the meaning of 29 U.S.C. § 1342.  PBGC lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint.

21.  PBGC admits the allegations in paragraph 21 of the Complaint.

22.  PBGC admits that the language "commencing on the first day of the month coinciding with or next following his Normal Retirement Date" appears in § 4.3 of the Plan as amended and restated effective January 1, 1994 and the Plan as amended and restated effective January 1, 2001.  PBGC admits that Normal Retirement Date is defined as "the date on which the Participant attains his 60th birthday" in the Plan as amended and restated effective January 1, 1994 and the Plan as amended and restated effective January 1, 1985 .  PBGC lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint.

23.  PBGC admits the allegations in paragraph 23 of the Complaint as to the provisions in §5.1 of the Plan as amended and restated effective January 1, 1994 and the

Plan as amended and restated effective January 1, 2001. PBGC denies the allegations in paragraph 23 of the Complaint as to the provisions in §5.1 of the Plan as amended and restated effective January 1, 1985. PBGC lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint.

24.     PBGC denies the allegations in paragraph 24 of the Complaint.

### Plaintiff James C. Stephens

25.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     PBGC denies the allegations in paragraph 30 of the Complaint.

31.     PBGC denies the allegation in paragraph 31 of the Complaint that U.S. Air, Inc., later called US Airways, Inc., "failed" to issue payment on December 1, 1996, in that payment was not required to be made on that date. PBGC lacks information sufficient to form a belief as to the truth of the allegation that Mr. J.C. Stephens was not paid his pension benefit on December 1, 1996.

32.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     PBGC admits the allegations in paragraph 36 of the Complaint.

37.     PBGC admits that on September 21, 1998, an arbitration hearing was held on Mr. J.C. Stephens' claim before the PRB.  PBGC admits that the PRB subsequently issued an arbitration award denying Mr. J.C. Stephens' claim.  PBGC denies the remaining allegations in paragraph 37 of the Complaint.

**Plaintiff Floyd G. Stephens**

38.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.     PBGC denies the allegations in paragraph 39 of the Complaint.

40.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.     PBGC denies the allegation in paragraph 41 of the Complaint.

42.     PBGC denies the allegation in paragraph 42 of the Complaint that U.S. Air "failed" to issue payment on May 1, 1995, in that payment was not required to be made

6

on that date.  PBGC lacks information sufficient to form a belief as to the truth of the allegation that Mr. F.G. Stephens was not paid his pension benefit on May 1, 1995.

43.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.     PBGC denies the allegations in paragraph 45 of the Complaint.

### Plaintiff Richard Mahoney

46.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47.     PBGC admits the allegations in paragraph 47 of the Complaint.

48.     PBGC denies the allegation in paragraph 48 of the Complaint.

49.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.     PBGC denies the allegation in paragraph 50 of the Complaint.

51.     PBGC denies the allegation in paragraph 51 of the Complaint that U.S. Air "failed" to issue payment on April 1, 1999, in that payment was not required to be made on that date.  PBGC lacks information sufficient to form a belief as to the truth of the allegation that Mr. Mahoney was not paid his pension benefit on April 1, 1999.

52.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54. PBGC denies the allegations in paragraph 54 of the Complaint.

### Plaintiff Donald V. Nippert

55. PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. PBGC denies the allegation in paragraph 57 of the Complaint.

58. PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. PBGC denies the allegation in paragraph 59 of the Complaint.

60. PBGC denies the allegation in paragraph 60 of the Complaint that U.S. Air "failed" to issue payment on February 1, 1995, in that payment was not required to be made on that date. PBGC lacks information sufficient to form a belief as to the truth of the allegation that Mr. Nippert was not paid his pension benefit on February 1, 1995.

61. PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62. PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. PBGC denies the allegations in paragraph 63 of the Complaint.

### COUNT I
### Enforcement of Rights Under the Plan
### Pursuant to ERISA § 502(a)(1)(B)

64. PBGC incorporates by reference its answers to paragraph 1-63 of the Complaint as if fully restated herein.

65.     PBGC denies the allegations in paragraph 65 of the Complaint.

66.     PBGC lacks information sufficient to form a belief as to the truth of the allegation in paragraph 66 of the Complaint that there was an oral understanding.  PBGC denies the remaining allegations in paragraph 66 of the Complaint.

67.     PBGC denies the allegations in paragraph 67 of the Complaint.

68.     PBGC denies the allegations in paragraph 68 of the Complaint.

69.     PBGC denies the allegations in paragraph 69 of the Complaint.

70.     PBGC denies the allegations in paragraph 70 of the Complaint.

## COUNT II
### Failure to Distribute Lump Sum Payments
### As The Actuarial Equivalent to Annuities

71.     PBGC incorporates by reference its answers to paragraph 1-70 of the Complaint as if fully restated herein.

72.     PBGC admits the existence of 29 U.S.C. §§ 1054(c)(3), 1055 and Section 10.4 of the Plan (including relevant addenda, if any, to the Plan), and affirmatively states that these documents speak for themselves.  PBGC denies the remaining allegations in paragraph 72 of the Complaint.

73.     PBGC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.     PBGC denies the allegations in paragraph 74 of the Complaint.

## COUNT III
### Liability for Fiduciary Breach
### Pursuant to ERISA § 405

75.     On May 20, 2008, the Court dismissed Count III, paragraphs 75-79, of the Complaint with prejudice.  Accordingly, no response to Count III is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plan administrator, US Air, Inc. or US Airways, Inc., had discretion, subject to the requirements of ERISA, to interpret and apply the language of the Plan. The Plan administrator's interpretation of the Plan language pertaining to the payment and distribution of lump sums was consistent over a reasonably extended period of time and was not arbitrary or capricious.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the plaintiffs and some or all of the alleged class members failed to exhaust their administrative remedies against US Air, Inc. or US Airways, Inc.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the plaintiffs and some or all of the alleged class members have failed to exhaust their administrative remedies against Pension Benefit Guaranty Corporation.

### FOURTH AFFIRMATIVE DEFENSE

The claims of some members of the alleged class are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

If any plaintiff or any member of the alleged class prevails on Count I or II of the Complaint, PBGC is entitled to set off any and all monies that the plaintiffs or any other alleged class member received on their claims against the debtors in the first and/or second *US Airways* bankruptcy proceedings, Case Nos. 02-83984-SSM and/or 04-4859-

SSM (US Bankruptcy Court E.D. Virginia) for payment or distribution of benefits under the Plan.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs overstate their lump sums from the Plan, and by extension their alleged rights to equitable relief and damages, by including amounts paid out of other retirement plans that are not parties to this action and for which PBGC is not statutory trustee.

**WHEREFORE,** Defendant, Pension Benefit Guaranty Corporation prays:

A. That Plaintiffs and alleged class members take nothing by their Complaint;

B. That judgment be entered in favor of Defendant PBGC;

C. That Defendant PBGC be awarded its costs against Plaintiffs; and

D. That the Court grants any further relief which it deems just and proper.

Dated:  May 30, 2008        Respectfully submitted,

/s/ Mark R. Snyder
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
STEPHANIE L. THOMAS (DC Bar #440205)
Assistant Chief Counsel
JEAN MARIE BREEN
MARK R. SNYDER
Attorneys
PENSION BENEFIT GUARANTY CORPORATION
Office of Chief Counsel
1200 K Street, N.W., Suite 340
Washington  DC  20005
Telephone:  202.326.4020 x3058
Facsimile:   202.326.4112
Emails:  snyder.mark@pbgc.gov and efile@pbgc.gov

**CERTIFICATE OF SERVICE**

I certify that copies of Pension Benefit Guaranty Corporation's Answer to Plaintiffs' Third Amended Complaint were served on May 30, 2008, electronically and by Federal Express for delivery on the next business day, on the following:

**Jacks C. Nickens, Esq.**
**Jessica L. Wilson, Esq.**
Nickens, Keeton, Lawless
  Farrell & Flack, LLP
600 Travis St., Suite 7500
Houston, TX 77002

**Tom A. Jerman, Esq.**
**Karen M. Wahle, Esq.**
O'Melveny & Myers, LLP
1625 Eye Street, NW
First Floor
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
tjerman@omm.com

**Roger Eric Zuckerman, Esq.**
Zuckerman Spaeder, LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
(202) 778-1802
(202) 822-8106 (fax)
rzuckerman@zuckerman.com

                                                  /s/ Mark R. Snyder
                                                  Mark R. Snyder